Cite as 2021 Ark. App. 100

# ARKANSAS COURT OF APPEALS

DIVISION II

No.   CV-19-862

| | | |
|---|---|---|
| DON TILTON, JR. | | **Opinion Delivered:**  March 3, 2021 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | | [NO. 16JDR-16-96] |
| LISA TILTON | | |
| | APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | | REMANDED |

### STEPHANIE POTTER BARRETT, Judge

Appellant Don Tilton, Jr., and appellee Lisa Tilton were divorced by a final divorce decree entered on July 18, 2019, by the Craighead County Circuit Court.  Don now appeals the temporary and final amounts of both alimony and child support[1] as well as the circuit court's finding that alimony should be permanent.  We are unable to reach the merits of Don's arguments at this time because the case must be remanded to supplement the record and to correct deficiencies in the electronic record.

The parties were married on October 10, 1998, and separated on June 7, 2015.  Two children were born of the marriage: son TT, born on September 27, 2000; and daughter LT, born on October 2, 2004.  Don filed for divorce on February 5, 2016, asking the circuit

---

[1]We note that that these support orders were made prior to the revision of Administrative Order No. 10, which became effective July 1, 2020.  *In re Implementation of the Revised Admin. Order No. 10*, 2020 Ark. 131.

court to grant him an absolute divorce, to resolve property and debt issues, and to award Lisa custody of the children with Don receiving visitation and paying child support based on the child-support chart. Lisa counterclaimed for divorce asking that she be awarded sole custody of the children and that Don's visitation be restricted because he had been admitted numerous times to institutions for drug addiction. She also requested temporary and permanent child support and alimony.

A temporary hearing was held on August 28, 2017. A temporary order was filed on October 31, addressing the issues of alimony and child support. The circuit court noted Don's 2016 tax return showed an adjusted gross income of $104,310 and determined that Don's monthly adjusted gross income was $8,692.50. The circuit court calculated 20 percent of that amount, or $1,738.50, as the temporary monthly alimony amount and made it retroactive to April 27, 2016 (the date Lisa filed her counterclaim requesting alimony). This resulted in $28,134.80 of retroactive alimony. The circuit court set temporary child support at $1,825.42 a month, also making it retroactive to April 27, 2016, for a balance of $29,206.72 in back child support. Both arrearages were ordered to be paid within thirty days. Don amended his complaint on August 17, 2018, alleging that he was entitled to a divorce on the ground of eighteen months' separation. He asserted that TT would be eighteen by the time of the final hearing and therefore no child support should be ordered for him and requested that the parties share custody of LT, thus negating the need for child support.

A final hearing was held on June 17, 2019, and a final decree of divorce was entered on July 18. Lisa was awarded sole custody of LT with Don having reasonable visitation

2

subject to LT's determination. The circuit court noted Don had paid Lisa no alimony; had paid nothing toward his child-support arrearages; had paid a total of $8,420 in child support; and as of May 3, 2019, alimony and child-support arrearages totaled $128,697, with interest accruing at 10 percent per annum. The circuit court held Don in contempt for his failure to comply with the temporary order and sentenced him to sixty days in jail but allowing Don to purge the contempt by paying all outstanding sums due to Lisa. The circuit court determined permanent alimony was necessary based on Don's clear ability to pay taking into consideration his luxurious lifestyle; his comments to his children that he receives $6,000 a week from his mother and earns over $300,000 a year; and Lisa's clear need for alimony. Furthermore, the court noted Don admitted on cross-examination he had received $97,000 in December 2018, his mother continued to put money into his girlfriend's account for his benefit, and there was no dispute that Don had access to these funds. The circuit court adopted the computations in the 2017 temporary order for alimony and child support as the figures for permanent alimony and child support. Don filed a timely notice of appeal on August 18, 2019, appealing both the temporary order and the final divorce decree.

Two of Don's arguments on appeal concern the amount of temporary alimony and child support set in 2017. Specifically, he contends that the circuit court improperly used his adjusted gross income from his 2016 tax return instead of his taxable income in determining temporary alimony and child support. We cannot address these arguments at this time because Don has failed to include the transcript of the 2017 temporary hearing. Although the 2017 temporary order is included in the pleadings, three pages from the temporary-hearing transcript in which the circuit court sets out its support calculations are

3

attached, and the 2016 tax return is included in the voluminous exhibits, there is no transcript from the 2017 temporary hearing included in the record as required by Rule 3-3(16) of the Rules of the Supreme Court and the Court of Appeals of Arkansas and Rule 6(b) of the Arkansas Rules of Appellate Procedure–Civil. Without that transcript, we are unable to determine what evidence was presented or what arguments were made regarding the proper calculation of temporary spousal and child support. Therefore, we remand to supplement the record with the 2017 temporary-hearing transcript within thirty days.

We also note that Don has failed to comply with our rules regarding electronic records. In accordance with *In re Acceptance of Records on Appeal in Elec. Format and Elimination of the Abstracting and Addendum Requirements*, 2019 Ark. 213, an electronic record, if larger than 30 MB in size, must be divided into separate PDF files that are each under 30 MB, and "[e]ach PDF file must include bookmarks to the beginning of each document contained therein and to the beginning of each witness's testimony, respectively." *Id.* at 3. There are 578 pages of exhibits included in this case's electronic record, including multiple copies of tax returns, affidavits of financial means, mortgage documents, photos, etc. None of these documents are bookmarked nor are they labeled as to what is contained in each exhibit. We direct Don to coordinate with the Craighead County Circuit Clerk and or Court Reporter to correct this deficiency by bookmarking and labeling the exhibits contained in the record and resubmit a corrected certified copy.

This matter is remanded to supplement the record with the 2017 temporary-hearing transcript and to correct deficiencies in the electronic record within thirty days.

Remanded.

VIRDEN and GRUBER, JJ., agree.

*Lyons & Cone, P.L.C.*, by: *Jim Lyons*, for appellant.

*Robert S. Tschiemer*, for appellee.