Cite as 2022 Ark. App. 496

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CV-20-265

| | |
|---|---|
| DONNELL BAUER AND MARILYN BAUER<br><br>     APPELLANTS/CROSS-APPELLEES<br><br>V.<br><br><br>JESSE LEE BEAMON, JR. AND MARY A. BEAMON, INDIVIDUALLY AND AS TRUSTEES OF THE JESSE LEE BEAMON, JR. AND MARY A. BEAMON FAMILY TRUST DATED 13TH OCTOBER 2015; AND THE JESSE LEE BEAMON JR. AND MARY A. BEAMON FAMILY TRUST DATED 13TH OCTOBER 2015<br><br>     APPELLEES/CROSS-APPELLANTS | Opinion Delivered December 7, 2022<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CV-17-549]<br><br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br><br><br><br><br>REMANDED |

**N. MARK KLAPPENBACH, Judge**

In May 2016, the appellees, Jesse Lee Beamon and Mary A. Beamon, purchased a house from the appellants, Donnell Bauer and Marilyn Bauer. After the sale, the Beamons learned that poor soil conditions on an adjoining downhill lot threatened the stability of a hillside on their new property. They also learned that an improperly installed air conditioning condensate line, as well as apparent pet soiling of a bedroom carpet, caused a significant mold problem in the house.

The Beamons hired contractors to remediate the mold in the summer of 2016. They also hired a geotechnical engineering firm to investigate if the soil conditions on the hillside could be repaired from their side of the property line. In September 2017, they learned that the instability of the hillside could be repaired only from their adjoining neighbor's downhill lot. On the basis of that information, the Beamons' counsel issued a rescission notice to the Bauers on September 29, 2017.

On October 23, 2017, the Beamons filed a lawsuit in circuit court alleging that the Bauers fraudulently failed to disclose the poor soil conditions on the lower lot as well as the conditions in the house that caused the mold. The complaint made an equitable claim for rescission and a legal claim for damages based on the alleged fraud. The Bauers filed an answer that, among other things, demanded a jury trial.

Shortly before the scheduled jury trial, the Beamons filed a "Motion Requesting Court to Strike Jury Trial Setting and Schedule Case for a Bench Trial." The Beamons asserted that

> Count I seeks rescission as a remedy which would restore the parties to their pre-closing positions[.] Count II is an action for the common law tort of fraud and deceit and resulting damages. [The Beamons] *understand the doctrine of election of remedies will require* [them] *to make an election of remedies before the case can be submitted to the fact finder*. [Citations omitted.] To the extent required by the doctrine of election of remedies, [the Beamons] have *elected the remedies associated with their equitable claim for rescission*.

(Emphasis added.) The Beamons maintained, however, that "the remedies associated with their equitable claim for rescission" included damages. Specifically, they contended that

2

a grant of rescission resulting in the restoration of the parties to their pre-closing positions will involve a transfer of title, return of consideration paid, reimbursement for repairs to the subject property, taxes, insurance, and other maintenance expenses together with a setoff . . . for a reasonable rental value of the property [while] in [the Beamons'] possession.

Further, relying on *Marx Real Estate Investments, LLC v. Coloso*, 2011 Ark. App. 426, 384 S.W.3d 595, the Beamons alternatively claimed that even if rescission were not granted, they would be entitled to recover their damages proved at trial.

The Bauers urged the circuit court to deny the Beamons' motion for a bench trial. They asserted that the Beamons' "purported election of remedies is, at best, only a partial election of remedies [to the extent they dropped a claim for punitive damages]." "In truth," the Bauers said, "the [Beamons] continue to both pursue an untimely and prejudicial claim for rescission of the parties' real estate contract, and simultaneously pursue a claim for legal damages," including some of the same expenses they sought in association with their rescission claim. The Bauers also asserted, in any event, that the Beamons were not entitled to rescission because they unreasonably delayed their request to rescind the real-estate transaction. After a motion hearing that occurred on June 25, 2019, the circuit court granted the Beamons' motion for a bench trial.

The case was tried on September 9–11, 2019, and on October 29, 2019, the circuit court issued a letter opinion in which it ruled that the Beamons waived rescission of the real estate transaction because they did not serve the Bauers with the notice of rescission in a reasonably diligent manner. The circuit court also ruled, however, that the Beamons were

entitled to damages reimbursing them for the costs they incurred to remediate the mold as well as the costs associated with their attempt to stabilize the hillside above the adjoining lot.

The Bauers now appeal the circuit court's judgment, arguing that reversal is warranted because the award of damages on the Beamons' legal claims violated their constitutional right to a jury trial; that the circuit court erred by awarding damages on a breach-of-contract theory that was not alleged in the complaint; and by awarding attorney's fees. The Beamons have filed a cross-appeal in which they argue that the circuit court erred by denying their request for rescission. Because a transcript of the June 25, 2019, hearing on the Beamons' motion for a bench trial has been omitted from the electronic record filed in this appeal, we must remand the case to supplement the record.

Recently, in *Tilton v. Tilton*, 2021 Ark. App. 100, we remanded to supplement the record because a hearing relevant to two of the appellant's arguments was omitted from the electronic record that had been filed. Specifically, the appellant contended that the circuit court improperly calculated the amount of temporary child support and alimony. The transcript of the temporary hearing, however, had not been included in the electronic record. We remanded to supplement the record with the temporary hearing, holding that we were "unable to determine what evidence was presented or what arguments were made regarding the proper calculation of temporary spousal and child support." *Id.* at 4.

The omission of the transcript of the June 25 hearing may have similar ramifications for this appeal. It was at this hearing that the circuit court likely heard argument (and perhaps

4

admitted evidence) relevant to the Bauers' claim that the circuit court's decision to proceed without a jury—and its ultimate award of damages—violated their right to a jury trial.

Accordingly, this matter is remanded to supplement the record with the transcript of the June 25, 2019, motion hearing. The supplemental record is due in this court within thirty days of the date of this opinion.

Remanded.

ABRAMSON, GLADWIN, HIXSON, MURPHY, and BROWN, JJ., agree.

*Kenneth W. Cowan, PLC*, by: *Kenneth W. Cowan*, for appellants/cross-appellees.

*Daily & Woods, P.L.L.C.*, by: *Jerry L. Canfield*, for appellees/cross-appellants.